**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE M. TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:18-CV-01955-DCN** |
| | ) | |
| **v.** | ) | **Judge: Hon. Donald C. Nugent** |
| | ) | |
| **CBC NATIONAL BANK,** | ) | **Answer and Affirmative Defenses** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Defendant, by and through undersigned counsel, hereby responds to the Complaint filed by Willie M. Turner ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), and denies each averment and contention in the Complaint, except as expressly admitted herein, and further states as follows:

**NATURE OF THE ACTION**

1.      Admitted, except that Defendant denies a violation of the TCPA.

**JURISDICTION AND VENUE**

2.      Admitted as to subject matter jurisdiction for an action arising as a federal question under the TCPA, except that Defendant denies a violation of the TCPA.

3.      Denied.

**PARTIES**

4.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 4.

**STATEMENT OF FACTS**

5.      Defendant admits that it is a federally chartered national bank regulated by the Office of the Comptroller of the Currency, that it operates a mortgage division with office locations

1

in various states, and that it is engaged in interstate commerce, but Defendant denies the remaining allegations of Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6, except that Defendant denies it placed calls to Plaintiff's cellular telephone number, (679) XXX-2088 ("Plaintiff's cellular telephone") looking for a Pretrina Turner.

7.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 8, except that Defendant denies that it made any calls to Plaintiff's cellular telephone using a pre-recorded message and denies that it made any calls to Plaintiff's cellular telephone looking for a Pretrina Turner.

9.      Denied.

10.     Denied.

11.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11, except that Defendant denies that it made any calls to Plaintiff's cellular telephone using a prerecorded voice message and denies that it made any calls looking for Pretrina Turner.

12.     Denied.

13.     Denied.

14.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14, except that Defendant denies that it made calls to Plaintiff's cellular telephone using a prerecorded voice message and denies that it made calls to Plaintiff's cellular

telephone looking for a Pretrina Turner or Petrina Turner.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19, except that Defendant denies that it operates a "call center."

20.     Denied.

21.     Defendant denies that it placed any calls to Plaintiff's cellular phone of the type or for the purpose described by Plaintiff in the Complaint and further denies the remaining allegations in Paragraph 21.

## DAMAGES

22.     Defendant denies any unlawful practices and denies the remaining allegations in Paragraph 22.

23.     Defendant denies any harassing phone calls and denies the remaining allegations in Paragraph 23.

24.     Defendant denies any phone harassment campaign, and denies making unsolicited calls to Plaintiff's cellular telephone, and denies the remaining allegations in Paragraph 24.

25.     Denied.

26.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26, except that Defendant denies unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27.     Defendant restates and incorporates by reference its responses to Paragraphs 1 – 26

herein.

     28.    Denied.

     29.    Denied.

     30.    Denied.

     31.    Denied.

     32.    Denied.

     33.    Denied.

     34.    Denied.

     35.    Denied.

     36.    Denied.

     37.    Denied.

     38.    Denied.

     39.    Denied.

Having answered the Complaint, Defendant prays for judgment and for such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant states that the Complaint is barred and asserts avoidance and the following affirmative defenses:

1.    Plaintiff's claims are barred because Plaintiff voluntarily provided his cellular telephone number by submitting one or more online inquiries requesting information related to a mortgage loan, granted prior express written consent to receive calls on his cellular telephone number from Defendant, and did not provide to Defendant a revocation of consent by any reasonable means.

2.     Personal jurisdiction over Defendant is lacking.

3.     Plaintiff's claims are barred under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff fails to provide sufficient details of the date, time, and place of any call received by Plaintiff from Defendant or for any call made by Plaintiff to Defendant.

4.     Plaintiff's claims are barred under Fed. R. Civ. P. 12(b)(7), 19 or 21 because Plaintiff failed to join the party or parties which (A) placed or caused to be placed each of the calls to Plaintiff's cellular telephone from the same number at almost the same time every day between early January 2016 and the date the Complaint was filed, for which the purpose of each call was looking for Pretrina Turner or Petrina Turner, or (B) placed or caused to be placed each of the calls to Plaintiff's cellular telephone using any prerecorded voice messages looking for Pretrina Turner or Petrina Turner, or (C) placed or caused to be placed each of the calls to Plaintiff's cellular telephone leaving a pre-recorded/artificial voicemail requesting Pretrina Turner to call back.

5.     Plaintiff's claims are barred by estoppel.

6.     Plaintiff's claims are barred by waiver.

7.     Plaintiff suffered no actual monetary loss or other damages.

8.     Defendant did not act willfully or knowingly in violation of the TCPA.

9.     Defendant fails to identify the date or time of any of the 15 occasions when he "verbally revoked consent to be called on his cellular phone."

10.     Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

11.     Plaintiff's claims are not actionable under the TCPA because *ACA Int'l v. FCC*, 885 F.3d 687, 692, 697, 699 (D.C. Cir. 2018) vacated the FCC's 2015 Declaratory Ruling and

Order, regarding the definition and interpretation of automatic telephone dialing systems (ATDS); *see also Lord v. Kisling, Nestico & Redick, LLC*, No. 1:17-CV-01739, 2018 WL 3391941, at *3 (N.D. Ohio July 12, 2018) (Nugent, J.).

12.     Plaintiff's claims are not actionable under the TCPA because *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018) invalidated the FCC's Declaratory Rulings and Orders on calls made using predictive dialers without human intervention.

13.     Defendant did not make calls to Plaintiff's cellular phone using an ATDS or predictive dialer without human intervention.

14.     Plaintiff's damages, if any, were caused by the acts of a non-party not subject to the control of Defendant.

15.     The Complaint is frivolous and the factual contentions lack evidentiary support as to Defendant; the Complaint was filed without diligent investigation and inquiry reasonable under the circumstances as required by the Federal Rules of Civil Procedure, despite Plaintiff or Plaintiff's counsel having the opportunity and possessing the means to verify Plaintiff's claims and factual contentions, including but not limited to, the date, time or place of any call received on Plaintiff's cellular telephone from Defendant, the telephone number of Defendant placing ay such call, or the date, time or place of any call made by Plaintiff to Defendant.

Respectfully submitted,

s/ Keith S. Anderson
Keith S. Anderson
Ohio Bar No. 0078537
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: 205-521-8714
Fax: 205-488-6714
Email: kanderson@bradley.com
*Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2018, a copy of foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Keith S. Anderson*
Keith S. Anderson